UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRB'S PROPERTIES LLC et al.,

             Plaintiffs,

      v.                                                                25-CV-19-LJV
                                                                          ORDER TO SHOW CAUSE
THE BLACK & DECKER CORPORATION
et al.,

             Defendants.

_____

On December 6, 2024, the plaintiffs, GRB's Properties LLC ("GRB's Properties"); Windshields, Incorporated ("Windshields"); and SDB's Properties, Inc. ("SDB's Properties"), filed this action for negligence, products liability, and breach of warranty in New York State Supreme Court, Erie County. Docket Item 1-1 at 4-9.[1] On January 8, 2025, all defendants—The Black & Decker Corporation; Black & Decker (US) Inc.; Stanley Black & Decker, Inc.; and Black & Decker Inc.—removed the case to this Court. Docket Item 1. The defendants say that removal is proper under 28 U.S.C. §§ 1332 and 1441 because this Court has subject matter jurisdiction based on diversity of citizenship. Docket Item 1 at ¶ 15.

The party invoking federal court jurisdiction "bears the burden of proving that the case is properly" within that jurisdiction. *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Moreover, this Court has a duty to confirm that it has subject matter jurisdiction even when no

_____

[1] Page numbers in docket citations refer to ECF pagination.

party has challenged it. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

For the reasons that follow, the allegations in the notice of removal do not establish this Court's subject matter jurisdiction. Therefore, unless the defendants file an amended notice of removal as described below, this case will be remanded.

## DISCUSSION

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). The allegations of the notice of removal fail to show that either requirement is met here.

## I.     DIVERSITY OF CITIZENSHIP

"In cases where jurisdiction depends upon the citizenship of the parties, such citizenship . . . should be distinctly and positively averred in the pleadings" or "should appear affirmatively, and with equal distinctness, in other parts of the record." *Robertson v. Cease*, 97 U.S. 646, 649 (1878). The facts required to show a party's citizenship depend on the kind of entities involved in the suit. In this case, each party is either a corporation or a limited liability company. *See* Docket Items 1 and 1-1. A corporation is "deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company "takes the

2

citizenship of each of its members." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

The defendants suggest that the plaintiffs are citizens of New York, while the defendants are citizens of Maryland, Connecticut, or Delaware—and not New York. *See* Docket Item 1 at ¶¶ 8-15. But the defendants do not provide sufficient facts to allow this Court to find that two of the plaintiffs—GRB's Properties, a limited liability company, and Windshields, a corporation—are, in fact, citizens of New York and only New York. The defendants say that each (1) is "authorized to do business" and (2) has "its principal place of business" in New York. *See id.* at ¶¶ 8-9. But without knowing the citizenship of each of the members of GRB's Properties and where Windshields is incorporated, this Court cannot conclude that they are, in fact, citizens of New York and only New York. *See* 28 U.S.C. § 1332(c)(1); *Bayerische*, 692 F.3d at 49.

The defendants also fail to affirmatively state the citizenship of Black & Decker, Inc., asserting only that it "is incorporated in . . . Delaware and maintains its principal place of business outside . . . New York." Docket Item 1 at ¶ 14. That is not good enough. *See Brown v. Diversified Maint. Sys., LLC*, 2016 WL 3207712, at *3 (W.D.N.Y. June 10, 2016) (holding that defendant limited liability company's notice of removal was insufficient where it "never affirmatively state[d] its citizenship" and instead "offer[ed] only conclusory negative assertions" that both it and its sole member were "not citizens of New York"); *see also Jud Enters., Inc. v. Lexington Ins. Co.*, 2010 WL 4259613, at *2 (M.D. Pa. Oct. 21, 2010) ("The [defendant's] conclusory allegation that [it] is not a citizen of Pennsylvania is insufficient to meet [its] burden on removal of showing complete diversity.").

3

Without more complete information about the citizenship of these three parties—GRB's Properties; Windshields; and Black & Decker, Inc.—the Court is unable to find that the parties are completely diverse.  And for that reason, the defendants have not met their burden of demonstrating that this Court has subject matter jurisdiction based on diversity of citizenship.

## II.    AMOUNT IN CONTROVERSY

What is more, the allegations of the notice of removal fail to show that the first requirement—amount in controversy—is met.  *See* 28 U.S.C. § 1332(a).  The defendants say that this requirement is satisfied because the plaintiffs' claims are based on an alleged fire that "caus[ed] extensive damage" to the plaintiffs and their property.  Docket Item 1 at ¶ 5 (citing Docket Item 1-1 at 5-9).  "Given the nature of the alleged damages," the defendants assert "upon information and belief" that "the [amount] in controversy, exclusive of interest and costs, exceed[s]" $75,000.  *Id.*

The plaintiffs' damages may well amount to more than $75,000.  *See id.*; *see also* Docket Item 1-1 at 5, ¶ 4; 6, ¶ 10; 7, ¶ 20.  But nothing in the complaint indicates that they are seeking damages above that threshold.  *See* Docket Item 1-1 at 4-9.  And in the absence of anything specifying the amount sought here—or any specific evidence about the damages at issue—this Court "is left to guess at the amount in controversy."  *See Casco v. Delta Air Lines, Inc.*, 2023 WL 2954987, at *3 (E.D.N.Y. Apr. 14, 2023); *see also Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (noting that courts "have rejected . . . generalized, boilerplate allegations as a basis for asserting the amount in controversy" and holding that fact that complaint sought damages for "serious personal injuries and ultimately the loss of a life"

was "insufficient," standing alone, to show that amount in controversy requirement was met (citations and internal quotation marks omitted)).

So based on the current record, this Court is unable to determine whether it has subject matter jurisdiction. The defendants therefore are ordered to show cause within **14 days of the date of this order**, by filing an amended notice of removal with any necessary supporting affidavits and exhibits, why this case should not be remanded for lack of subject matter jurisdiction. If the defendants fail to do so, the case will be remanded to New York State Supreme Court, Erie County.

SO ORDERED.

Dated:   August 11, 2025
         Buffalo, New York


                                                  _/s/ Lawrence J. Vilardo_
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE